UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| DANIEL MOWREY, | Case No. 1:10-CV-00389-CWD |
| Petitioner, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| WARDEN JOHANNA SMITH, | |
| Respondent. | |

Pending before the Court in this habeas corpus action is Respondent's Motion for Summary Dismissal. (Dkt. 10.) Petitioner has filed his Response. (Dkt. 13.) Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 9.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the parties' briefing, the record in this case, and the lodged state court record, the Court enters the following Order.

## BACKGROUND

Petitioner pleaded guilty to and was convicted of four counts of lewd conduct with a minor in a state criminal action in the First Judicial District Court in Shoshone County, Idaho. He received sentences of five years fixed with life indeterminate on each count, with the fixed portions of each sentence to run consecutively. (State's Lodging A-2, p. 94.) The judgment of conviction was entered on March 15, 2002. (State's Lodging A-1, Register of Actions, p. 3A.)

**MEMORANDUM DECISION AND ORDER - 1**

No direct appeal was filed, but Petitioner filed a post-conviction petition on March 6, 2003 (mailbox rule).[1] (Petitioner's Response, Dkt. 13, p. 2.) The Register of Actions for Petitioner's 2003 case shows that the case was filed by the Clerk of the Shoshone County District Court on March 10, 2003, a public defender was appointed on March 19, 2003, a State's motion for summary disposition was filed on September 10, 2003, and an order of dismissal and final judgment were entered on January 8, 2004.[2]

Petitioner alleges that he did not appeal the dismissal because a prison paralegal told him it would be futile. (Petitioner's Response, Dkt. 13, p. 2.) Several years elapsed where Petitioner had nothing pending in state court that was related to the conviction and sentences at issue in this habeas corpus matter.

In 2006, a decision was issued by the Idaho Supreme Court, *Estrada v. State*, 149 P.3d 833 (Idaho 2006), that caused a flurry of state post-conviction and federal habeas corpus petitions. In *Estrada*, the Idaho Supreme Court determined that the Sixth Amendment guaranteed the right to the assistance of counsel for advice regarding participation in a psychosexual evaluation for purposes of sentencing. *Id*. at 838.[3]

On April 2, 2007 (mailbox rule), Petitioner tried to take advantage of *Estrada* by filing a Rule 35 motion to correct an illegal sentence in the state district court. (State's Lodging A-1, pp. 2-6.) Petitioner contended that his sentence was illegal because it was based on "illegally gained information from psychosexual evaluation and presentence

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court).

[2] See www.idcourts.us/repository/caseHistory.

[3] The *Estrada* Court further clarified that this right "does not necessarily require the presence of counsel during the exam." *Id*. at 838 (italics in original).

**MEMORANDUM DECISION AND ORDER - 2**

reports." (Dkt. 3, p. 4.) Petitioner's motion was denied by the state district court, and, on appeal, the decision was affirmed by the Idaho Court of Appeals. Petitioner's petition for review was denied by the Idaho Supreme Court on July 31, 2008. (State's Lodgings B-1 to B-8.)

While the Rule 35 appeal was pending, Petitioner filed a successive post-conviction application in state court on May 5, 2008. That application was summarily dismissed by the state district court. The Court of Appeals affirmed dismissal on April 16, 2010, holding that Petitioner's claim was subject to dismissal under *Kriebel v. State*, 219 P.23 1204, 1207 (Idaho Ct. App. 2009) (determining that *Estrada* did not announce a new, retroactively-applicable rule). Petitioner's petition for review was denied by the Idaho Supreme Court on May 26, 2010. (State's Lodgings C-1 through D-8.)

## MOTION TO DISMISS

1. **Standard of Law Governing Summary Dismissal and Timeliness**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See*

28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

However, once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the

**MEMORANDUM DECISION AND ORDER - 4**

limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

2.  **Discussion of Timeliness**

Because Petitioner did not file a direct appeal after judgment was entered on March 15, 2002, his judgment became final 42 days later, on April 26, 2002. 28 U.S.C. § 2244(d)(1)(A). Petitioner's federal habeas corpus statute of limitations began running on that day, and would have expired one year later, on April 26, 2003, but for the filing of his post-conviction relief application on March 6, 2003, that tolled the federal statute of limitations. At that time, Petitioner's federal statute had run for 314 days, leaving 51 days remaining.

Judgment in the post-conviction case was entered on January 8, 2004. Petitioner had 42 days to appeal under Idaho Appellate Rule 14, but did not, making his judgment final on February 19, 2004. The statute of limitations started to run again on February 20, 2004, and it expired 52 days later, on April 12, 2004 (a Monday).

Three years elapsed before Petitioner's next filing, the April 2, 2007 Rule 35 motion based on *Estrada*. Although a motion for reduction of sentence qualifies as a collateral review petition that serves to toll the habeas corpus statute of limitations,[4] because the Rule 35 motion was filed *after* expiration of the statute of limitations, it had no tolling effect. As set forth above, a new collateral relief proceeding cannot restart a statute of limitations once it has expired.

---

[4] *See Wall v. Kholi*, 131 S.Ct. 1278 (2011).

The Court has considered whether *Estrada* might trigger the running of a new statute of limitations. Title 28 U.S.C. § 2244(d)(1) provides that the statute of limitations runs from the latest of any of the following events:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's argument most closely resembles Subsection (C); however, it is an imperfect match because Petitioner is relying on an Idaho Supreme Court case that was not given retroactive effect,[5] not upon a United States Supreme Court case that was given

---

[5] In *Kriebel v. State*, 219 P.2d 1204 (Idaho Ct. App. 2009), the Idaho Court of Appeals addressed retroactive application of *Estrada*, concluding that *Estrada* did not apply retroactively because it did not announce a "new" rule, and, even if it did, it did not constitute a "watershed" rule of criminal procedure under *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion). *Id.* at 1206-07. *Teague* established the principle that, absent certain narrow exceptions, new constitutional rules of criminal procedure that are decided after a defendant's conviction becomes final on direct appeal will not be applied retroactively to the defendant if he seeks collateral review of his conviction. 489 U.S. at 310. This non-retroactivity principle was adopted by a majority of the United States Supreme Court in *Penry v. Lynaugh*, 492 U.S. 302, 313 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002).

    It is important to note that the issue of whether *Estrada* was deemed retroactive or not by the Idaho courts (there was some disagreement among district courts prior to the Idaho appellate courts settling that issue) does not directly bear on the question of whether a petitioner's federal habeas corpus statute of limitations has been met unless, as a result of the *Estrada* claim, the petitioner was actually granted different relief in the form of a new sentence, or the re-opening of a new direct appeal. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (noting that if two different state court sentencing judgments were entered as to the same conviction, the federal

**MEMORANDUM DECISION AND ORDER - 6**

retroactive effect. No other subsection applies to trigger a new statute of limitations under the facts asserted in the Petition. Hence, the Court concludes that the Petition is untimely.

3.     **Discussion of Equitable Tolling**

If, after applying statutory tolling, a petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling, a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. Petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, no. 3 (9th Cir. 1999).

Petitioner argues here that his original trial counsel failed to file a Rule 35 motion for leniency or a notice of appeal after judgment was entered in his case, and his post-conviction counsel never contacted Petitioner about the 2003 post-conviction matter.

---

statute of limitations would run from the later amended judgment); *see also Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681 (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.") *Id*., 129 S.Ct. at 686-87.

However, Petitioner fails to show how these omissions caused him to miss his federal habeas corpus statute of limitations. Petitioner has alleged no facts showing that he tried to file a timely federal habeas corpus action between 2002 and 2004, but was thwarted by either counsel. Rather, it appears that Petitioner's first attempt to file a federal habeas corpus action was after the *Estrada* case was issued in 2006, many years after Petitioner's counsels' alleged omissions. Because Petitioner has not shown any causal link between his counsels' alleged failures and the late habeas corpus petition, this argument does not support application of equitable tolling.

Petitioner also argues that he was advised by a prison paralegal to bring his *Estrada* claim in a Rule 35 motion. However, because Petitioner's federal statute of limitations had already expired in 2004, Petitioner fails to show any causal link between a paralegal's advice in 2006 and the untimeliness of his federal habeas corpus petition.

Petitioner also argues that he could not have brought his federal habeas corpus petition on the *Estrada* issue prior to 2006 when the psychosexual evaluation issue was actually decided. However, that is not the case. Petitioner could have raised the same issue raised in *Estrada* in his own case in a timely post-conviction action, but he did not do so.

Petitioner has pointed to no set of facts that occurred during his statute of limitations time period (between 2002 and 2004) that would qualify as grounds for equitable tolling. Therefore, because the Petition is untimely, it must be dismissed.

4. **Conclusion**

Petitioner's federal habeas corpus statute of limitations expired in 2004. The Idaho Supreme Court's 2006 *Estrada* decision did not serve as a basis to begin a new federal

habeas corpus statute of limitations. Neither Petitioner's Rule 35 motion, nor Petitioner's successive post-conviction action, restarted the already-expired statute of limitations. While this outcome may seem unfair to Petitioner, it is important to note that this Court is granted only that authority Congress has seen fit to give under the habeas corpus statute. In other words, because Petitioner's "new" claim does not fit within the parameters of 28 U.S.C. § 2244(d)(1), the claim is untimely, and this Court cannot hear the merits of the case. As a result, Petitioner's Petition for Writ of Habeas Corpus is untimely, and because Petitioner has not shown adequate grounds for application of equitable tolling, the Court does not reach Respondent's procedural default argument but will dismiss the Petition with prejudice.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION
## FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

Upon dismissal or denial of a habeas corpus petition, the Court is required to evaluate the claims within the petition for suitability for issuance of a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases. A petitioner's appeal cannot proceed without obtaining a COA and filing a timely notice of appeal.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further*." Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

**MEMORANDUM DECISION AND ORDER - 9**

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that justice has been done in this matter where Petitioner is representing himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 10) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus is DISMISSED with prejudice.

2. The Court will not grant a certificate of appealability in this case. If Petitioner files a notice of appeal, the Clerk of Court is directed to forward a copy of this Order and Petitioner's notice of appeal, together with the district court's case file, to the United States Court of Appeals for the Ninth Circuit.

DATED: June 23, 2011

Honorable Candy W. Dale
United States Magistrate Judge